IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **BRIAN WILSON,** § | |
| § | |
| Plaintiff, § | |
| § | Case No.: 4:18-cv-1765 |
| vs. § | |
| § | |
| **UNIVERSAL PROTECTION** § | |
| **SERVICES d/b/a ALLIED UNIVERSAL.** § | **JURY TRIAL DEMANDED** |
| § | |
| Defendant. § | |

**ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

BRIAN WILSON (hereinafter "Plaintiff") complains of UNIVERSAL PROTECTION SERVICES d/b/a ALLIED UNIVERSAL County (hereinafter "Defendant" or "Allied Universal") and for cause of action would show the Court as follows:

**INTRODUCTION**

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this complaint and complains of discrimination based on failure to make reasonable accommodations for his religion under Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

3. Plaintiff files this complaint and complains of discrimination based on his religion under Title VII.

4. Plaintiff files this Amended Complaint and complains of discrimination based on disability and failure to make reasonable accommodations under the Americans with Disabilities Act of 1990 ("ADA") and ADA Amendments Act of 2008 ("ADAAA").

5. This action seeks compensatory and punitive damages, plus lost wages (past, present, and future), attorney's fees, emotional distress and mental anguish, taxable court costs, pre-judgment and post-judgment interest and an injunction.

## PARTIES

6. Plaintiff, Brian Wilson, is a resident of Houston, Texas.

7. Defendant, Allied Universal, is a corporation authorized to do business in the State of Texas, and process may be served by mail or in person on its Chief Executive Officer, Steve Jones, located at 161 Washington Street, Suite 600, Conshohocken, Pennsylvania 19428.

## VENUE

8. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division, in that the Defendant can be said to reside and/or do business in this district as required under 28 U.S.C. § 1391.

## JURISDICTION

9. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under Title VII (42 U.S.C. § 2000e, *et seq*.) and the ADA/ADAAA (42 U.S.C.A § 12101, *et seq*.) for employment discrimination on the basis of religion and disability.

10. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

11. All conditions precedent to the filing of this action have been met by Plaintiff in that he has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC").

12. Plaintiff filed a Charge of Discrimination against Defendant with the EEOC in 2017.

13. Plaintiff was issued a Notice of Right to Sue letter from the EEOC, entitling him to file suit on his claims of discrimination, on February 28, 2018.

14. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of the Right to Sue letter from the EEOC.

## FACTS

15. Plaintiff began working at Defendant in February, 2011 as a Security Professional.

16. Plaintiff is Christian.

17. Plaintiff wears a cross necklace as part of his Christian faith.

18. Plaintiff suffers from diabetes, a disability which substantially limits many of Plaintiff's major life activities (including lifting, standing, walking, and working) and bodily functions (including circulatory and neurological functions).

19. Plaintiff was qualified for his position as a Security Professional and could have performed his job with or without a reasonable accommodation for his disability or religion.

20. Between May of 2016 and April of 2017, Plaintiff was assigned to work at a FedEx distribution facility in Houston, Texas, and he was told he was not allowed to wear a cross as a symbol of his Christian faith.

21. Plaintiff was shortly thereafter reassigned by Defendant to work in a large outdoor retail facility called Greenstreet. Plaintiff was told again that he was not allowed to wear a cross as a symbol of his faith. However, Plaintiff continued to wear a cross.

22. Plaintiff's immediate supervisors at Defendant during his assignment at Greenstreet were Wendell Warren ("Warren"), Defendant's site supervisor, and Jermaine Sellers ("Sellers"), Defendant's Account Manager.

23. In June of 2017, Plaintiff informed Sellers that he suffered from diabetes and that he had trouble with standing and working. Sellers acknowledged Plaintiff's disability and allowed him to sit as needed and carry a beverage to address complications with his blood sugar levels. However, Sellers did not continue to engage in the interactive process of providing a reasonable accommodation for Plaintiff's disability after this exchange.

24. Plaintiff also informed Warren that he had diabetes, and it should have been apparent to Warren that Plaintiff's limitation in standing, sitting, and working was caused by Plaintiff's diabetes when Plaintiff would periodically sit and rest.

25. On September 7, 2017, Plaintiff sat down and closed his eyes to rest, as his diabetes limited his ability to stand, walk, and work for extended periods of time.

26. Warren observed Plaintiff resting and took a picture of him with his eyes closed as a retaliatory act rather than engage in the interactive process by (at the very least) asking Plaintiff if he was ill or needed an accommodation.

27. Warren reported this September 7 incident described above to Sellers (who shared Warren's retaliatory animus towards Plaintiff) and then terminated Plaintiff for the pretextual reason that he was "sleeping on the job."

## COUNT I

## FAILURE TO MAKE RELIGIOUS ACCOMODATION UNDER TITLE VII

28. Plaintiff re-alleges and incorporates into count one, paragraphs 1 to 27.

29. Defendant, by and through their agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII.

30. Defendant failed to make reasonable accommodation for Plaintiff's religion by disallowing him to wear a cross as an expression of his Christian faith.

31. Plaintiff wearing a cross while on duty would not have caused any undue hardship on Defendant whatsoever.

## COUNT II

## DISCRIMINATION BASED ON RELIGION UNDER TITLE VII

32. Plaintiff re-alleges and incorporates into count two, paragraphs 1 to 31.

33. Defendant, by and through their agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII.

34. Defendant's policy disallowing Plaintiff to wear a cross as an expression of his Christian faith caused a disparate impact on Plaintiff as a Christian, and Plaintiff was subjected to disparate treatment based on his Christian faith.

## COUNT III

## FAILURE TO MAKE REASONABLE ACCOMODATION

## UNDER THE ADA AND ADAAA

35. Plaintiff re-alleges and incorporates into count three, paragraphs 1 to 34.

36. Defendant, by and through their agents and employees, especially Warren and Sellers, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful under the ADA and ADAAA.

37. Defendants failed to make reasonable accommodations for Plaintiff when Warren observed Plaintiff's limitation caused by his diabetes in September of 2017.

38. Both Warren and Sellers harbored retaliatory animus towards Plaintiff for his disability and prior request for reasonable accommodation.

39. Defendants failed to engage in the interactive process of providing reasonable accommodations for Plaintiff's diabetes in September of 2017 and terminated him instead.

## COUNT IV

### DISCRIMINATION BASED ON DISABILITY UNDER THE ADA AND ADAAA

40. Plaintiff re-alleges and incorporates into count four, paragraphs 1 to 39.

41. Defendant, by and through their agents and employees, especially Warren and Sellers, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful under the ADA and ADAAA.

42. Had Plaintiff not had a physical impairment, he would not have been subjected to disparate treatment or terminated for the pretextual reason that he was "sleeping on the job.'

### DAMAGES

43. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress.

## EXEMPLARY DAMAGES

44. Defendant's actions were intentional, willful, harsh, oppressive, reckless and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

## ATTORNEY'S FEES

45. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of Coane and Associates, PLLC, in order to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

46. Plaintiff hereby makes his request for a jury trial.

## INJUNCTIVE RELIEF

47. Plaintiff seeks injunctive relief requiring Defendants to take affirmative and effective steps to remove and otherwise discipline managers who have failed to comply with Title VII, ADA, and ADAAA and who violate Federal statutory protection against discrimination.

48. Plaintiff seeks injunctive relief requiring Defendants to take specific actions designed, implemented, and confirmed by qualified non-government consultants to ensure that all supervisory employees are adequately trained to identify, investigate, and stop situations and complaints. Such specific actions include, but are not limited to:

a. allocation of significant funding and trained staff to implement all changes within two years;

b. discipline managers who have violated the company's policies and failed to meet their legal responsibility to promptly investigate complaints and to take effective action to stop and deter prohibited personnel practices against employees;

c. establishing and strictly measuring EEO compliance as a critical element in every manager's performance standards;

d. creating a process for the prompt investigation of harassment and reprisal complaints separate from the agency's process;

e. mandatory and effective training for all employees and managers on discrimination and retaliation issues, investigations and appropriate corrective actions; and

f. eliminating the backlog of current EEO cases alleging discrimination, harassment and reprisal.

## PRAYER

49. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

a. back pay;

b. pre-judgment interest on back pay;

c. front pay;

d. disbursement of Plaintiff's retirement benefits;

e. compensatory damages, including but not limited to emotional distress;

f. punitive damages;

g.  injunctive and affirmative relief;

h.  attorneys' fees and costs; and

i.  such other and further relief, at law or in equity, general or special, to which Plaintiff may show he is justly entitled.

Respectfully submitted,

**COANE AND ASSOCIATES, PLLC**

By: ___/s/ct___
Connor Throckmorton
TX Bar #24103965
S.D. Tex. #3065092
Email: connor.throckmorton@coane.com
Bruce A. Coane
S.D. Tex. #7205
TX Bar # 04423600
Email: bruce.coane@gmail.com
5177 Richmond Ave., Suite 770
Houston, TX 77056
Telephone:    (713) 850-0066
Facsimile:    (713) 850-8528
***ATTORNEYS FOR PLAINTIFF***